RECEIPT # 570669
AMOUNT $ 150-
SUMMONS ISSUED 1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-8-04

SCANNED
DATE 7/9/04
BY: Four

UNITED STATES FEDERAL DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH MEDEIROS            :
                           :
V.                         :        C.A. NO.
                           :        MAGISTRATE JUDGE Cohen
CAPE COD EXPRESS, INC.     :

## COMPLAINT

**04 - 11525 REK**

Now comes the Plaintiff, JOSEPH MEDEIROS, in the above entitled matter and complains of the Defendant, CAPE COD EXPRESS, INC.

1. This is a diversity action for compensatory damages arising out of a injury sustained by Plaintiff, JOSEPH MEDEIROS, while attempting to disengage a trailer owned by the Defendant from his tractor which was owned by American Business Freight on or about July 12, 2001 in Warren, Rhode Island.

## JURISDICTION

2. This court has jurisdiction of the within matter pursuant to 28 USC 1332 in that the parties are of different States and the matter in controversy exceeds the sum of Seventy Five Thousand ($75,000) Dollars, exclusive of interests and costs.

## PARTIES

3. The Plaintiff, JOSEPH MEDEIROS, is now and at all times pertinent hereto been a resident and citizen of the City of East Providence, County of Providence and State of Rhode Island and of the United States.

4. The Defendant, CAPE COD EXPRESS, INC. is a Massachusetts Corporation which is doing business in the Commonwealth of Massachusetts and is not licensed or registered to do business within the State of Rhode Island. CAPE COD EXPRESS, INC. has it's primary business at 44 Tobey Road, Wareham, MA.

5. On or about the 12th day of July, 2001, Plaintiff, while in exercise of due care was attempting to disengage a trailer owned by the Defendant from the tractor that he was driving owned by American Business Freight. He had been instructed by his employer, American Business Freight to leave this particular trailer belonging to the Defendant at a customer of this employer in Warren, Rhode Island.

While attempting to crank down the gear which lifts the trailer off the tractor, the gear became jammed causing the Plaintiff, JOSEPH MEDEIROS to suffer an injury to his shoulder. As a result of this injury to his shoulder the Plaintiff has gone on to have several operations to repair the injury and has been unable to engage in his regular business activities since July 12, 2001.

6. Plaintiff alleges that the Defendant, CAPE COD EXPRESS, INC., had a duty to maintain it's trailer in such a way as to ensure that the gear mechanism to extend the legs of the trailer would operate in a manner so as not to injure the person putting down the trailer. The gear mechanism on this particular trailer was nearly inoperable which was the immediate proximate cause of Plaintiff's injuries.

7. As a direct result of the failure to maintain the trailer in an industrial accepted manner, Plaintiff, JOSEPH MEDEIROS has suffered severe injuries requiring multiple surgery interventions has sustained substantial loss of revenue and earnings, has suffered extreme pain and suffering and has been told that these injuries are permanent in nature.

## FIRST CAUSE OF ACTION

8. The Plaintiff, JOSEPH MEDEIROS hereby incorporates Paragraph 1-8 above and by reference makes them a part hereof.

9. Defendant, CAPE COD EXPRESS, INC's failure to adequately maintain it's trailer was the immediate proximate cause of Plaintiffs injuries.

10. As a result of the negligence of the Defendant, CAPE COD EXPRESS, INC., Plaintiff, JOSEPH MEDEIROS, suffered and continues to suffer the following injuries:

    a. Personal bodily injury, some of which may be permanent in nature;
    b. Pain and suffering;
    c. Temporary, or permanent disability;
    d. Lost wages;
    e. Medical expenses;
    f. Inability to carry on normal activities;
    g. Future medical and hospital expenses; and
    h. Lost earning capacity.

## SECOND CAUSE OF ACTION

11. Plaintiff, JOSEPH MEDEIROS, hereby incorporates Paragraph 1-11 above and by reference makes them a part hereof.

12. Defendant, CAPE COD EXPRESS, INC., maintained exclusive control over the maintenance of the gear mechanism that controlled the lowering of the legs on the trailer. In maintaining such exclusive control prevented the Plaintiff from knowing that he was any risk in operating the gear mechanism to lower the legs on the trailer. The use of such exclusive control constitutes the application of the res ipsa loquitur doctrine and correspondingly makes the Defendant, CAPE COD EXPRESS, INC. liable to Plaintiff for his damages in this event.

13. As a result of the negligence of the Defendant, CAPE COD EXPRESS, INC., pursuant to the res ipsa loquitur doctrine Plaintiff, JOSEPH MEDEIROS suffered and continues to suffer the following injuries.

   a. Personal bodily injury, some of which may be permanent in nature;
   b. Pain and suffering;
   c. Temporary and or permanent disability;
   d. Lost wages;
   e. Medical expenses;
   f. Inability to carry on normal activities;
   g. Future medical and hospital expenses; and
   h. Lost earning capacity.

**WHEREFORE**, your Plaintiff, JOSEPH MEDEIROS demands judgment against Defendants, CAPE COD EXPRESS, INC., in a sum sufficient to confer jurisdiction to this court and to adequately compensate him for his damages and other costs and interest.

Plaintiff by his Attorneys
SUMNER LAW ASSOCIATES, INC.

Daniel R. Sumner, #560911
2348 Post Road
Warwick, RI 02886
Tel: (401) 732-1020
Fax: (401) 732-2005

PLAINTIFF HEREBY DEMANDS A TRIAL JURY.

DANIEL R. SUMNER IS HEREBY DESIGNATED AS A TRIAL COUNSEL.

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

To: <u>CAPE COD EXPRESS, INC., 44 TOBEY AVENUE, WAREHAM, MASSACHUSETTS</u>

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Massachusetts and has been assigned docket number: _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ___ day of _____, 2004.

Daniel R. Sumner, #560911
2348 Post Road
Warwick, RI 02886
Tel: (401) 732-1020
Fax: (401) 732-2005

# WAIVER OF SERVICE OF SUMMONS

To: <u>Sumner Law Associates, Inc., 2348 Post Road, Warwick, Rhode Island.</u>

I acknowledge receipt of your request that I waive service of summons in the action of CAPE COD EXPRESS, INC., alias which is docket number: _____ in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgement may be entered against me (or the party on whose behalf I am acting) if any answer or motion under Rule 12 is not served upon you within 60 days after _____, or within 90 days after that date if the request was sent outside the United States.

Dated:_____

Signature
CAPE COD EXPRESS, INC.

Position_____