UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH MEDEIROS, )
   Plaintiff )
 )
VS. )
 ) CIVIL ACTION NO. 04-11525 REK
CAPE COD EXPRESS, INC., )
   Defendant )

## ANSWER & CLAIM OF JURY TRIAL OF DEFENDANT CAPE COD EXPRESS, INC. TO PLAINTIFF'S COMPLAINT

1. Defendant denies the allegations contained in paragraph 1 of plaintiff's complaint.

### JURISDICTION

2. Defendant denies the allegations contained in paragraph 2 of plaintiff's complaint.

### PARTIES

3. Defendant lacks knowledge or information to either admit or deny the allegations contained in paragraph 3 of plaintiff's complaint.

4. Defendant admits that it is a Massachusetts Corporation with a place of business located at 44 Tobey Road, Wareham, Massachusetts, but denies each and every remaining allegation contained in paragraph 4 of plaintiff's complaint.

5. Defendant denies the allegations contained in both the first and second paragraphs listed under paragraph 5 of plaintiff's complaint.

6. Defendant denies the allegations contained in paragraph 6 of plaintiff's complaint.

7. Defendant denies the allegations contained in paragraph 7 of plaintiff's complaint.

## FIRST CAUSE OF ACTION

8. Defendant repeats and reaffirms its answers to paragraphs 1 through 8 of plaintiff's complaint as if fully set forth herein.

9. Defendant denies the allegations contained in paragraph 9 of plaintiff's complaint.

10. Defendant denies the allegations contained in paragraph 10 of plaintiff's complaint:

   a. defendant denies subparagraph a. of paragraph 10;
   b. defendant denies subparagraph b. of paragraph 10;
   c. defendant denies subparagraph c. of paragraph 10;
   d. defendant denies subparagraph d. of paragraph 10;
   e. defendant denies subparagraph e. of paragraph 10;
   f. defendant denies subparagraph f. of paragraph 10;
   g. defendant denies subparagraph g. of paragraph 10;
   h. defendant denies subparagraph h. of paragraph 10.

## SECOND CAUSE OF ACTION

11. Defendant repeats and reaffirms its answers to paragraphs 1 through 11 of plaintiff's complaint as if fully set forth herein.

12. Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

13. Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint:

   a. defendant denies subparagraph a. of paragraph 13;
   b. defendant denies subparagraph b. of paragraph 13;
   c. defendant denies subparagraph c. of paragraph 13;
   d. defendant denies subparagraph d. of paragraph 13;
   e. defendant denies subparagraph e. of paragraph 13;
   f. defendant denies subparagraph f. of. paragraph 13.
   g. defendant denies subparagraph g. of paragraph 13;
   h. defendant denies subparagraph h. of paragraph 13.

## FIRST DEFENSE

And further answering, the defendant says that the plaintiff's Complaint fails to set forth facts constituting a cause of action upon which relief can be granted, and therefore the plaintiff cannot recover.

## SECOND DEFENSE

And further answering, the defendant says that the plaintiff's own negligence caused or contributed to the accident, injuries and damages alleged, and therefore the plaintiff cannot recover.

## THIRD DEFENSE

And further answering, the defendant says that the plaintiff was greater than 50 percent negligent in causing or contributing to the accident, injuries and damages alleged, and therefore the plaintiff either cannot recover or any verdict or finding in his favor must be reduced by the percentage of negligence attributed to the said plaintiff.

## FOURTH DEFENSE

And further answering, the defendant says that the plaintiff assumed the risk of the accident, injuries and damages alleged, and therefore the plaintiff cannot recover.

## FIFTH DEFENSE

And further answering, the defendant says that the plaintiff was in violation of the law at the time and place of the accident alleged, which violation of the law caused or contributed to the happening of said accident, and therefore the plaintiff cannot recover.

## SIXTH DEFENSE

And further answering, the defendant says that the plaintiff's alleged injuries and damages, if any, were caused by persons other than the defendant, its agents, servants, or employees, and the plaintiff's alleged injuries and damages, if any, were caused by persons for whose conduct the defendant is not responsible and therefore the plaintiff cannot recover.

## SEVENTH DEFENSE

And further answering, the defendant says that the plaintiff's alleged injuries, if any, do not come within one of the exceptions to the Massachusetts No-Fault Insurance Law, being Massachusetts General Laws, Chapter 231, Section 6D, and therefore the plaintiff is barred from bringing this action and cannot recover.

### EIGHTH DEFENSE

And further answering, the defendant says that the alleged cause of action referred to in the plaintiff's Complaint falls within the purview of Massachusetts General Laws, Chapter 90, Section 34(m), and therefore this action is brought in violation of the law and the plaintiff cannot recover.

### NINTH DEFENSE

And further answering, the defendant says that the plaintiff has not brought his action within the time required by Massachusetts Law regarding limitations of actions and therefore the plaintiff cannot recover.

### TENTH DEFENSE

And further answering, the defendant says that the plaintiff has not served the defendant with the Summons and Complaint within the time period required by the court after the expiration of the statute of limitations, and therefore the plaintiff cannot recover and the Complaint should be dismissed.

### ELEVENTH DEFENSE

And further answering, the defendant says that the plaintiff has failed to serve the defendant within the time required by Mass. R.Civ. P. 4(j), and therefore the plaintiff's complaint should be dismissed.

### TWELFTH DEFENSE

And further answering, the defendant says that the plaintiff's Complaint is subject to dismissal because of insufficiency of process and insufficiency of service of process pursuant to M.R.C.P. 12(b)(4) and 12(b)(5).

### THIRTEENTH DEFENSE

And further answering, the defendant says that complete diversity of citizenship does not exist and, therefore, plaintiff's Complaint should be dismissed.

### FOURTEENTH DEFENSE

And further answering, the defendant says that plaintiff's reasonably expected damage recovery does not exceed $75,000.00 and therefore the plaintiff's Complaint should be dismissed.

## FIFTEENTH DEFENSE

And further answering, the defendant says that the plaintiff is barred from recover in this matter pursuant to M.G.L. c. 152, and therefore the plaintiff's Complaint should be dismissed.

WHEREFORE, the defendant, CAPE COD EXPRESS, INC., demands judgment against the plaintiff and further demands that said action be dismissed.

AND, FURTHER, the defendant, CAPE COD EXPRESS, INC., claims a trial by jury on all the issues.

                DEFENDANT,
                CAPE COD EXPRESS, INC.,
                BY ITS ATTORNEY:

                *[signature]*
                Thomas W. Beliveau, Esquire
                Fuller, Rosenberg, Palmer & Beliveau, LLP
                340 Main Street, Suite 817
                Worcester, MA 01608
                (508) 751-5121
September 15, 2004      BBO #548001

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the parties to this action by mailing a copy thereof, first class, postage prepaid, to the following counsel of record:

Daniel R. Sumner, Esq.
Sumner Law Associates, Inc.
2348 Post Road
Warwick, RI 02886

                *[signature]*
                Thomas W. Beliveau, Esquire
                Fuller, Rosenberg, Palmer & Beliveau, LLP
                340 Main Street, Suite 817
                Worcester, MA 01608
                (508) 751-5121
                BBO #548001
September 15, 2004